IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GREGORY MCCARTHY, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**NEWTON COUNTY SCHOOL DISTRICT,**<br><br>**Defendant** | Civil Action No. ________________ |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Gregory McCarthy, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, brings this Complaint against Defendant Newton County School District, showing the Court as follows:

## INTRODUCTION

1. In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq*., Plaintiff seeks to recover unpaid overtime wages from his employer, Newton County School District. Throughout his employment, Plaintiff has worked extensive overtime hours without receiving overtime premiums as required by the 29 U.S.C. § 207(a)(2).

2. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to represent a collective of similarly situated individuals consisting of current and former elementary

school resource officers employed by Newton County School District in the three years prior to the filing of this action who were subject to an identical, district-wide policy in violation of the FLSA's maximum hour provisions.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b), and 28 U. S.C § 1331, because this case arises under the Fair Labor Standards Act, a federal statute that affects interstate commerce.

4. Defendant Newton County School District ("NCSD") is a

5. This Court has personal jurisdiction over NCSD because it resides in this District.

6. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this district and division.

## THE PARTIES

7. Plaintiff McCarthy is and, at all relevant times, has been an "employee" of NCSD within the meaning of 29 U.S.C. § 203(e).

8. NCSD is a public corporate body and a county political subdivision operating in Newton County, Georgia, and has the capacity to be sued.

9. At all relevant times, NCSD has been and continues to be an "employer" within the meaning of 29 U.S.C. § 201 et seq.

10. At all relevant times, NCSD has been, and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(l)(B) and (C) because it "is engaged in the operation of . . . a preschool, elementary or secondary school . . ." and because it "is an activity of a public agency."

11. NCSD is governed by the Newton County Board of Education and may be served with process by service upon its Superintendent, Dr. Duke Bradley, III, at 2109 Newton Drive NE, Covington, GA 30014.

## FLSA OVERTIME VIOLATION

12. Plaintiff has worked for NCSD for approximately two years as an elementary school resource officer.

13. Throughout this time, NCSD has at all times treated Plaintiff as an employee for tax purposes.

14. In Newton County, NCSD has a contract with the Newton County Sheriff's Department to provide security at the county's middle schools and high schools, while NCSD has employed elementary school resource officers directly.

15. Throughout his employment by NCSD as an elementary school resource officer, Plaintiff's regular workweek has been Monday through Friday, 6:45 AM to 2:45 PM, with no non-compensable break periods.

16. Throughout his employment by NCSD as a school resource officer, NCSD has required Plaintiff to periodically work before or after his scheduled shift due to emergencies or other exigent circumstances affecting county elementary, middle, and high schools.

17. For such additional work beyond his regular schedule, NCSD has compensated Plaintiff at one-and-one-half his regular hourly rate of $43.40 per hour.

18. However, Plaintiff also frequently works scheduled special events (e.g., football games, basketball games, and graduations) that are not emergencies or cause by exigent circumstances.

19. For such special events, NCSD often requires Plaintiff and other county elementary school resource officers to provide security.

20. For these special events, NCSD provides "event pay" to Plaintiff of $45.00 per hour.

21. This "event pay" rate is far below the FLSA's required one-and-one-half-times rate.

22. Because work at such special events is almost always in addition to Plaintiff's full 40-hour workweek, almost all of the time worked at special events results in an FLSA violation by NCSD.

## COLLECTIVE ACTION ALLEGATIONS

23. At all times in the three years prior to the filing of this action (the Collective Period), NCSD employed resource officers throughout Newton County in all elementary schools.

24. Throughout the Collective Period, NCSD elementary school resource officers were "employees" of NCSD within the meaning of 29 U.S.C. § 203(e) and covered by the maximum hour requirements of the FLSA at 29 U.S.C. § 207(a)(2).

25. Throughout the Collective Period, NCSD elementary school resource officers were regularly scheduled to work and did work 40 hours per week.

26. Throughout the Collective Period, NCSD regularly suffered or permitted NCSD elementary school resource officers to work special events over and above their normal 40-hour workweeks.

27. Throughout the Collective Period, NCSD regularly failed to compensate NCSD elementary school resource officers at one-and-one-half times their regular hourly rates for hours worked at special events outside their regularly scheduled 40-hour workweeks.

28. Throughout the Collective Period, by failing to compensate NCSD elementary school resource officers at one-and-one-half times their regularly hourly rate for hours worked at special events outside their

regular 40-hour workweeks, NCSD has systematically violated the FLSA's maximum hour requirements with respect to NCSD elementary school resource officers.

29. As a result of NCSD's systematic violation of the FLSA's maximum hour requirements, all NCSD elementary school resource officers are entitled to recover all unpaid overtime compensation accruing during the Collective Period, liquidated damages in an equal amount, and their costs or litigation and reasonable attorney's fees.

**COUNT I**
**FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. § 207**

30. At all relevant times, Plaintiff was an employee of Defendants and was covered by the maximum hour requirements of the FLSA.

31. At all relevant times, the FLSA required Defendants to compensate Plaintiff at one-and-one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek.

32. At all relevant times, Plaintiff regularly worked far in excess of 40 hours per week.

33. At all relevant times, Defendants failed to compensate Plaintiff at one-and-one-half times his regular hourly rate for all hours worked in excess of 40 hours in each workweek.

34. Plaintiff is entitled to recover all unpaid overtime premiums Defendants pursuant to pursuant to 29 U.S.C. § 216(b).

35. Plaintiff is entitled to recover liquidated damages in an amount equal to his unpaid overtime premiums pursuant to pursuant to 29 U.S.C. § 216(b).

36. Plaintiff is entitled to recover his reasonable attorney's fees and costs of bringing this action pursuant to 29 U.S.C. § 216(b).

## COUNT II
## COLLECTIVE ACTION

37. Throughout the Collective Period, Defendants violated 29 U.S.C. § 207 by failing to pay earned overtime wages to the members of the collective that Plaintiff McCarthy seeks to represent.

38. Throughout the Collective Period, Defendants violated 29 U.S.C. § 207 by failing to overtime wages to the members of the collective Plaintiff McCarthy seeks to represent in the same manner as alleged above with respect to Plaintiff.

39. All NCSD elementary school resource officers who have worked for NCSD during the three years prior to the filing of this action are "similarly situated" within the meaning of 29 U.S.C. § 216(b).

40. NCSD is liable to members of the proposed collective for all unpaid overtime wages, liquidated damages, costs of litigation and reasonable

attorney's fees, and other such equitable and legal relief that this Court finds proper.

41. This Court should issue a notice of collective action to all members of the putative collective defined as:

"All elementary school resource officers employed by Newton County School District from March 30, 2023 through the present."

42. All members of the putative collective would benefit from the issuance of a Court supervised Notice of Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

43. All members of the proposed collective, are readily identifiable and can be located through the records of Defendants.

WHEREFORE, Plaintiff respectfully prays that the Court:

a) Grant a trial by jury as to all matters properly triable to a jury;

b) Certify the collective and permit this case to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b) for those employees, past or present, who opt to participate in the same by filing proper written notice with the Court;

c) Issue a judgment declaring that Plaintiff was covered by the maximum hour provisions of the FLSA and that Defendants have failed to comply with the maximum hour requirements of the FLSA;

d) Award Plaintiff payment for each overtime hour worked, calculated at one and one-half times his regular hourly rate, and liquidated damages equaling 100% of unpaid overtime due to Plaintiff;

e) Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

f) Award Plaintiff nominal damages;

g) Award Plaintiff his reasonable attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

h) Award any and such other further relief this Court deems just, equitable and proper.

This 30th day of March 2026,

Respectfully submitted,

**CALDWELL BRIDGERS & BENJAMIN, LLC**

*s/ Matthew W. Herrington*
Charles R. Bridgers
Georgia Bar No. 080791
Matthew W. Herrington
Georgia Bar No. 275411

Counsel for Plaintiff

1425-A Dutch Valley Place NE
Atlanta, Georgia 30324
(404) 979-3150
bridgers@appliedlegalinsight.com
herrington@appliedlegalinsight.com